UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH INTERNATIONAL S.A., a Swiss corporation; LOGITECH EUROPE S.A., a foreign corporation; and LOGITECH, INC., a foreign corporation,<br><br>Defendants. | CASE NO. 2:10-cv-000300RSM<br><br>ORDER ON MOTION TO TRANSFER VENUE |

This matter comes before the Court on Defendants' (collectively referred to as "Logitech") motion to transfer this civil action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court shall GRANT the motion to transfer.

**I. FACTUAL BACKGROUND**

This case involves a contract dispute between Expeditors and Logitech. Under a contract that was negotiated in California, and renegotiated in late 2009 again in California, Expeditors was shipping goods for Logitech. On January 19, 2010, dissatisfied with Logitech's progress in paying its bills, Expeditors notified Logitech that it would be retaining possession of all of Logitech's freight currently in Expeditors possession. On that same day, Expeditors filed this suit[1] alleging breach of contract. A

---

[1] This suit has been removed from Washington state court.

ORDER ON MOTION TO TRANSFER -- Page 1

week later, on January 26, 2010, Logitech sued Expeditors in California,[2] demanding that Expeditors release the seized freight. Following a hearing on February 1, the Honorable James Ware of the United States District Court for the Northern District of California issued a preliminary injunction on February 2. The injunction required that Expeditors release Logitech's freight, and that Logitech file a $3,000,000 secured bond. That litigation is ongoing and involves the same set of key facts and issues as this case.

Expeditors is a Washington corporation with its headquarters in Washington state. Logitech Inc. is a California corporation with its headquarters in Fremont, California. The other two Logitech defendants are Swiss corporations with their principal place of business in Switzerland.

## II. LEGAL ANALYSIS

**A. Standard of Review**

Logitech moves to transfer this action to the California district court pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The statute displaces the common law doctrine of forum non conveniens with respect to transfers between federal courts. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Section 1404(a) is not, however, simply a codification of the common law doctrine. In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

The statute has two requirements on its face: (1) that the district to which defendants seek to have the action transferred is one in which the action "might have been brought," and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice. § 1404(a). There

---

[2] The California suit was instituted in state court, and has since been removed to the Northern District of California

ORDER ON MOTION TO TRANSFER -- Page 2

is no question that this action could have been brought in the California district court. The parties are diverse, the amount in controversy exceeds $75,000, and a nearly identical case between the same parties is already in progress in the Northern District of California. The decision to transfer, then, turns on whether the Court finds such transfer to be proper under the "convenience of parties and witnesses" and "interest of justice" standards.

The burden is on defendants to demonstrate that the transfer is warranted. *Saleh, et al., v. Titan Corporation, et al.*, 361 F.Supp.2d 1152, 1155 (C.D. Cal. 2005). "In making a decision to transfer, a court must balance the preference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum. The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2003)

In determining whether a transfer is appropriate, the Court must weigh numerous factors, including (1) the location where the relevant agreements or alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, and the relation of those contacts to the plaintiff's cause of action; (5) the difference in cost of litigation in the two forums; (6) the availability of compulsory process to compel attendance of non-party witnesses; and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Other relevant considerations, drawn from traditional forum non conveniens analysis, are (8) the pendency of related litigation in the transferee forum; (9) the relative congestion of the two courts; and (10) the public interest in the local adjudication of local controversies. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). These factors shall be considered here under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice.

**B. Convenience of Witnesses**

Logitech argues that Washington state is an inconvenient location for trial by pointing out that four of its potential witnesses reside in northern California, and two of Expeditors' potential witnesses also reside there. Expeditors counters that Logitech has failed to identify any *non-party* witnesses residing in California, so the "convenience of witnesses" factor does not favor transfer.

In analyzing the convenience of witnesses, the most important factor is the convenience of non-

ORDER ON MOTION TO TRANSFER -- Page 3

1  party witnesses. *Saleh*, 361 F. Supp.2d at 1160. The Court should consider not only how many
2  witnesses each side may have, but also the relative importance of their testimony. *Id.* (citing *Gates*
3  *Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir.1984) (a forum non conveniens case)).

4      The Court concludes that this factor weighs in favor of granting the motion to transfer.
5  Logitech's strongest evidence on this issue is its identification of Erich Weber and Gene Alger from
6  Expeditors, as well as four Logitech employees. All of these people are potential witnesses residing in
7  northern California. Weber is Expeditors' Account Manager and has been Expeditors' primary
8  representative in dealings with Logitech since the inception of the agreements in question. Alger is
9  Expeditors' Executive Vice President and the person who informed Logitech that Expeditors was
10 seizing Logitech's freight. These two individuals could face some inconvenience if needed for trial in
11 Washington state. Of the four Logitech individuals, the Court is not convinced at this time that the
12 testimony of Ron Parnham or Dennis Arnow could not be provided in writing. However, Patrick
13 Lanzing and Robert Atwood could be required to travel.

14     In sum, Logitech has identified six party witnesses who might be inconvenienced if required to
15 travel to testify in Washington. Logitech is also correct that Expeditors has not identified *any* potential
16 witnesses in Washington whose testimony might be required if the case were tried in California. While
17 the most important factor in evaluating the convenience of the witnesses is the convenience of non-party
18 witnesses, the only non-party witnesses identified for the Court reside in New York. In sum, transfer is
19 favored based on the convenience of the witnesses. From the witnesses' standpoint, Washington is an
20 inconvenient forum.

21 **C. Convenience of the Parties**

22     Logitech argues that the parties would be inconvenienced by a Washington forum not only
23 because more witnesses are located in California, but also because many of the documents in question
24 are located at Logitech's headquarters in California. Expeditors counters that its entire in-house counsel
25 department, which negotiated the agreements in question, is located in Seattle. Expeditors also argues
26 that this case does not depend much at all on "ease of access to sources of proof," as documents are
27 easily transferable in our electronic age and this is merely a dispute about contract payments or lack
28 thereof.

ORDER ON MOTION TO TRANSFER -- Page 4

1   Regardless of where the case is tried, neither of these international companies should have much
2   difficulty traveling to interview witnesses, transferring the relevant documents in either electronic or
3   physical form, or complying with the local rules of the court.  The Court notes in passing that the parties
4   have not argued that there is any difference in cost of litigation in the two forums or regarding the
5   availability of compulsory process to compel attendance of non-party witnesses.  In sum, this
6   Washington forum is inconvenient to the parties only inasmuch as the great majority of the potential
7   party witnesses reside in northern California.  Evaluation of this factor thus favors Logitech.

**D.  The Interests of Justice**

9   Logitech argues that the interests of justice favor transfer because the California district court is
10  already the most familiar with the dispute and because at least part of the case will be governed by
11  California law.  Expeditors counters that the California district court only ruled to release the seized
12  freight and hold a $3,000,000 bond, and that that ruling was not a ruling on the merits.  Expeditors also
13  argues that none of the seized goods were in California at the time, that the case might involve questions
14  of Washington law, and that the Northern District of California's docket is more crowded than the
15  docket of this Court.  Both parties also contest vigorously how much weight the Court should give the
16  Plaintiff's choice of forum in this case.   Neither party argues that the public interest would be better
17  served by a particular forum.

18  In considering the interests of justice, the Court weighs such factors as "ensuring speedy trials,
19  trying related litigation together, and having a judge who is familiar with the applicable law try the
20  case."  *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).  Judicial
21  economy is one of the principal interest of justice considerations.  *Amazon.com v. Cendant Corp.*, 404 F.
22  Supp. 2d 1256, 1261 (W.D. Wash. 2005).

23  On motions to transfer, "[t]he courts have developed a bewildering variety of formulations on
24  how much weight is to be given to plaintiff's choice of forum."  *Saleh*, 361 F.Supp.2d at 1156 (quoting
25  15 Wright, Miller and Cooper, Federal Practice and Procedure § 3848 at 375).   Because § 1404
26  application results in transfer, not dismissal as in forum non conveniens, a lesser showing of
27  inconvenience is required to upset plaintiff's choice.  *Id.* (citing *Norwood*, 349 U.S. at 42).  Where the
28  action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if

ORDER ON MOTION TO TRANSFER -- Page 5

plaintiff is a resident of the forum. *Id.* (citing *Cain v. New York State Board of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986)); *see also Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478 (D. Del. 1987); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991).

The interests of justice favor transfer of this action to the Northern District of California. It is true that the Court affords some deference to Expeditors' choice to bring this case in Washington before Logitech filed its action in California. But the facts demonstrate that this case has very little connection to a Washington forum. Expeditors does not contest Logitech's assertion that the agreements in question were negotiated in California. Expeditors also does not contest that the relevant renegotiation occurred in Fremont, California. Logitech also appears to be correct that the merits of this case will be determined based on two 2007 contracts, one of which is based on California law, and one of which is based on Swiss law.

Finally, although the California adjudication has not progressed past the preliminary injunction phase, and although the injunction determination did not resolve the merits of that dispute, the California court did become more familiar with the dispute and the relevant documents. In issuing the injunction, the Northern District of California heard arguments and evaluated facts regarding what provisions of the parties' contracts regarded lien rights and payment requirements. The court also considered the parties' history of communication with one another, including why Logitech paid some invoices but not others, and why Expeditors decided to seize Logitech's freight. In circumstances such as this, "the goal of judicial efficiency will best be met if [the court] overlook[s] the 'first to file' rule" in deference to litigation already in progress in another district. *Church of Scientology of Cal. v. U.S. Dept. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). "The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197 at *2 (S.D. Cal.) (citing *A.J. Industries, Inc., v. United States District Court for the Central District of California*, 503 F.2d 384, 389 (9th Cir. 1974)); *Continental Grain v. The Barge FBL-585*, 364 U.S. at 26. "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous [sic] litigation and inconsistent results." *Durham Productions, Inc., v. Sterling Film Portfolio, Ltd., Series A*, 537 F.Supp. 1241, 1243 (S.D.N.Y. 1982).

ORDER ON MOTION TO TRANSFER -- Page 6

1   Expeditors' arguments do not persuade the Court to deny the requested transfer.  Expeditors
2 asserts, and Logitech does not contest, that at the time of the seizure, none of the goods were in
3 California.  However, apparently none of the goods were located in Washington, either.  Expeditors also
4 asserts that this dispute involves the determination of Washington law because the application for credit
5 and the air transportation document have provisions choosing Washington law.  But this dispute seems
6 to focus much more on an interpretation of the 2007 contracts, which apply California law,  than the
7 application for credit or the air transportation document.

8   Perhaps Expeditors' best argument is that the docket of the Northern District of California is
9 more crowded than this Court's docket.  Expeditors points out that the median time interval from filing a
10 civil case to disposition is one month longer in that court, and is also longer when the disposition is
11 specifically following trial.  But the time interval is longer in this Court when the disposition occurs
12 before pretrial, or during or after pretrial.  *See http://www.uscourts.gov/caseload2009/tables/*
13 *C05Mar09.pdf*.  Furthermore, one reason the time interval from filing to disposition at trial might be
14 longer in that court is that the Northern District of California has an unusually high number of
15 complicated patent disputes.  This case is surely not as complex as the typical patent dispute.

### III.  CONCLUSION

17   Given that the facts of this case bear little relation to a Washington forum and the proceedings
18 between the same parties in the Northern District of California are more advanced, the interests of
19 justice favor transfer of this case to the Northern District of California.  Furthermore, the parties and
20 their witnesses are inconvenienced by the fact that the identified potential witnesses are overwhelmingly
21 – if not exclusively –  located in California as opposed to Washington.

22   Defendants' § 1404(a) motion to transfer is thus GRANTED, and this case is TRANSFERRED
23 to the United States District Court for the Northern District of California.  The Clerk shall close the file
24 and notify the Clerk of Court in that district.

25   DATED this 11 day of May 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO TRANSFER -- Page 7